727 A.2d 120

**Anthony T. MILLILI, Appellee,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Supreme Court of Pennsylvania.

Argued Feb. 1, 1999.

Decided March 25, 1999.

Reargument Denied May 12, 1999.

116

Timothy P. Wile, Asst. Counsel in Charge, Harold H. Cramer, Asst. Chief Counsel, Andrew S. Gordon, Chief Counsel, Paul A. Tufano, General Counsel, for PennDOT.

Stanton M. Lacks, Bensalem, for Anthony T. Millili.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### OPINION

NEWMAN, Justice.

The Commonwealth, Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals from an Order of the Commonwealth Court that reversed an Order of the Court of Common Pleas of Montgomery County (trial court) upholding PennDOT's suspension of Anthony T. Millili's (Millili) driver's license.

## FACTUAL AND PROCEDURAL HISTORY

On May 18, 1997, at approximately 2:10 a.m., Officer Christopher Windish of the Buckingham Police Department stopped Millili on State Route 202 because Millili's vehicle was swerving erratically and crossing over the double yellow lines on the road. When Officer Windish approached Millili, he detected a strong odor of alcohol. Officer Windish asked Millili to take several field sobriety tests, including a portable breathalyzer test. Millili failed the field sobriety tests, so Officer Windish arrested him and transported him to Allegheny Hospital for chemical testing.

At the hospital, Officer Windish read the implied consent form, Form DL–26, to Millili. Specifically, he read the following section to Millili word for word:

I am requesting that you submit to a chemical test of [written by hand was] blood/urine (breath, blood or urine. Officer chooses the chemical test).

Officer Windish made it clear that Millili did not have the option of submitting to either a blood or a urine test; rather, he was to submit to both tests. Millili refused to sign the implied consent form and refused to have blood drawn. He also did not submit to a urine test. Officer Windish recorded Millili's response as a refusal to submit to chemical testing. Subsequently, pursuant to Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1),[1] PennDOT suspended the driver's license of Millili for one year.

Millili appealed the suspension to the trial court. After hearing testimony from both Millili and Officer Windish, the court found that Millili had refused to submit to chemical testing in violation of 75 Pa.C.S. § 1547. Accordingly, the court upheld the one-year license suspension. Millili then appealed to the Commonwealth Court. In a reported Opinion,

---

1. 75 Pa.C.S. § 1547(b)(1) provides that:

If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, ... the department shall suspend the operating privilege of the person for a period of 12 months.

the Commonwealth Court reversed the Order of the trial court, holding that Officer Windish's request that Millili submit to both blood and urine testing was improper. *Millili v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing*, 714 A.2d 529 (Pa.Cmwlth. 1998).

## DISCUSSION

In its appeal to this Court, PennDOT argues, *inter alia*, that regardless of the propriety of requesting multiple chemical tests, where the driver declines to submit to *any* kind of chemical testing, his or her license must be suspended pursuant to 75 Pa.C.S. § 1547(b)(1). We agree. All drivers licensed in Pennsylvania impliedly consent to submit to at least one chemical test if arrested for driving under the influence of alcohol. Here, Millili did not submit to any chemical test. Thus, pursuant to the plain language of 75 Pa.C.S. § 1547(b)(1), PennDOT rightly suspended the driver license of Millili for one year. The Order of the Commonwealth Court is reversed.

Justice ZAPPALA files a dissenting opinion.

ZAPPALA, Justice, dissenting.

I dissent and would affirm based on the Opinion of the Commonwealth Court.